UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON COX and LAUREN COX, Individually
and on behalf of others similarly situated,

    Plaintiffs,                                        Case No.

v.

SKY SOURCE AERIAL, LLC and
MICHAEL MCVAY, Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, JASON COX and LAUREN COX (hereinafter referred to as "PLAINTIFFS"), in accordance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and by and through their undersigned counsel, sues the Defendants, SKY SOURCE AERIAL, LLC (hereinafter referred to ("SKY SOURCE") and MICHAEL MCVAY, Individually (hereinafter referred to as "MCVAY"), collectively known as ('DEFENDANTS")  and allege as follows.

**JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

1

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiffs are residents of Fulton County, Illinois.

4. At all times material herein, Defendant, Sky Source was and is a Florida for profit corporation, and doing business in this judicial district. At all times material Defendant, Sky Source, was an employer as defined by the FLSA.

5. Defendant, McVay is the CEO of Sky Source Aerial, LLC and was acting in a supervisory capacity for Sky Source Aerial, LLC . Defendant, McVay, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, McVay, possessed operational control of business activities.

6. Defendant, McVay, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiffs.

7. At all times material herein, Plaintiffs were employees of Defendants

pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiffs' employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

9. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

10. Alternatively, Plaintiffs are covered as individuals under the FLSA because Plaintiffs engaged in interstate commerce as part of their jobs with Defendants, 29 U.S.C. §207(a)(1).

11. Plaintiffs have retained the undersigned counsel to represent their interest in this action and are obligated to pay them a reasonable fee for their services.

## FACTS

12. Plaintiffs began their employment on or about November 11, 2020, as

Field Data Collectors. Plaintiffs utilized a variety of capture devices to collect data of cell phone towers.

13. Defendant, Sky Source, identifies itself as "a technology driven unmanned aviation company that provides aerial data collection.

14. Plaintiffs are compensated on a piece rate basis.

15. Plaintiffs worked as one of several teams of data collectors.

16. The services rendered by Plaintiffs to Defendants were not only an integral part of the Defendants' business – indeed, they were indispensable to it.

17. Defendants strictly dictated the manner in which Plaintiffs performed their work. For example, Plaintiff's were required to capture photos of equipment at a particular tower site in the precise order they appeared on the a "shot sheet" provided to Plaintiffs.

18. Plaintiffs were required to submit their Site Captures to the company's quality assurance manager who reviewed the submissions for strict compliance with company policies.

19. If Plaintiffs experienced any issues on site or needed to deviate from the directed way of capture, they were required to obtain approval from their managerial chain of command.

20. Plaintiffs were assigned site locations by their manager who closely monitored their daily progress and mandated a forecast of how many sites they

were expected to complete in a three-day period.

21. Plaintiffs were required to participate in monthly meetings to evaluate their capture success in accordance with Defendants' policies and instructions.

22. Plaintiffs were required to successfully complete a required company training program as a prerequisite for employment.

23. Defendants dictated the nature of Plaintiffs' attire, were obligated to sign site logbooks as "name—SSA", were required to use company email assigned by Defendants customer, and could only deliver captured data via specific software platforms.

24. Defendants dictated the use of specific capture equipment and often required Plaintiffs to utilize specific equipment of Defendant.

25. Plaintiffs were prohibited from providing services to any other company engaged in Defendants' industry.

26. Plaintiffs would suffer negative consequences if they declined a particular site assignment or task order.

27. Plaintiffs had no opportunity for profit or loss in connection with their work as they received a fixed piece rate for each site captured and uploaded to Defendants in strict compliance with its polices and requirements. They could not negotiate or otherwise determine the rates they were paid.

28. Plaintiffs have earned wages for their work efforts between February 11, 2022, and February 17, 2022, that remain unpaid despite Plaintiffs repeated efforts to obtain payment.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME) AS TO ALL DEFENDENTS

29. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-eight (28).

30. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

31. Throughout their employment with Defendants, Plaintiffs worked in excess of forty (40) hours per week, for which they were not compensated at the overtime rate.

32. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiffs, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

33. Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked for Defendants.

34. Defendants' failure to pay Plaintiffs overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours

in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

35. Defendants knew or had reason to know that Plaintiffs performed work in excess of forty (40) hours per work week.

36. Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiffs. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

37. As a direct result of Defendants' violations of the FLSA, Plaintiffs suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

38. As a result of Defendants' violations of the FLSA, Plaintiffs are entitled liquidated damages.

39. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants including, but not limited to:

a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

  b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

  c. Awarding prejudgment interest;

  d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Determining that the FLSA was violated and an adjudication on the merits of the case;

  f. Ordering any other further relief the Court deems just and proper.

## COUNT II

40. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-eight (28).

41. At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiffs. Such individuals were similarly situated to Plaintiffs with respect to the terms and conditions of their employment.

42. Throughout their employment, individuals similarly situated to Plaintiffs were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

43. At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiffs worked for

Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

44. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

45. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT AS TO DEFENDANT, SKY SOURCE AERIAL, LLC

46. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-eight (28).

47. Plaintiffs bring this claim pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*

48. FDUTPA makes it unlawful to engage in "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Fla. Stat.* § 501.204.

49. FDUTPA's prohibitions are extremely broad and reach a wide range of activities.

50. Plaintiffs are permitted to bring suit under FDUTPA even though the unlawful practice of Defendant, Sky Source, did not involve a consumer transaction. *Fla. Stat.* § 501.211(2).

51. During Plaintiffs' employment with Defendant, Sky Source, Defendant failed to comply with federal and state laws, including but not limited to failure to pay federal payroll taxes and state unemployment taxes as well as other taxes, costs and expenses associated with Defendant's Sky Source, misclassifying employees as independent contractors.

52. By failing to pay required payroll taxes, Defendant, Sky Source, engaged in an unfair method of competition because Defendant, Sky Source, paid fewer taxes than competing businesses that follow state and federal tax laws and, therefore, have more money to use in competition against its competing businesses.

WHEREFORE, Plaintiff demands judgment against Defendant, Sky Source, and for actual damages; declaratory relief; civil penalties; costs and attorneys' fees; and for such other relief as the Court deems just and equitable.

## COUNT IV
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES
## AS TO SKY SOURCE AERIAL, LLC

53. Plaintiffs re-allege and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-eight (28).

54. Plaintiffs earned wages and commissions over the course of their employment which are owed and payable by the Defendant, Sky Source, pursuant to Florida Statute Chapter 448.08.

55. Defendant, Sky Source, despite Plaintiffs' reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiffs respectfully request all legal and equitable relief allowed by law including judgment against Defendant, Sky Source, for back pay, unpaid wages, commissions, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 28th day of February 2022.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wflorin@fgbolaw.com
Christopher D. Gray
Florida Bar No. 0902004

11

cgray@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
 Facsimile (727) 483-7942
Attorneys for Plaintiffs